EL PUEBLO, DEMANDANTE Y APELADO, *v.* GARCÍA, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa por homicidio voluntario.

No. 1938.—Resuelto en febrero 5, 1924.

HOMICIDIO JUSTIFICABLE—DEFENSA PROPIA—DEFENSA DEL HOGAR—DEFENSA PROPIA DENTRO DEL PROPIO HOGAR—INSTRUCCIONES—NUEVO JUICIO.—Habiendo el acusado planteado la teoría de defensa propia dentro del propio hogar, circunstancia que hace la defensa propia menos rígida, y tendiendo su prueba a demostrar la existencia en la realidad de tal teoría; erró la corte de distrito al no exponerlo así con toda claridad al jurado, debiendo revocarse la sentencia y ordenarse un nuevo juicio.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. A. Aponte, F. Cervoni* y *F. Gallardo.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

El Pueblo de Puerto Rico por su Fiscal, mediante información del Gran Jurado, imputó a Casimiro García el siguiente hecho: "el referido Casimiro García, el día 5 de marzo A. D. 1921, y en el Distrito de Humacao, o sea, en la municipalidad de Naguabo, que forma parte del Distrito Judicial de Humacao, P. R., ilegal, voluntaria y maliciosamente, de una manera premeditada y sin que mediara notable provocación, acometió y agredió con el propósito decidido y firme de dar muerte, a Jenaro Arce, con un revólver, que

es arma mortífera, haciéndole varios disparos e infiriéndole una herida que le produjo la muerte.''

Alegó su inocencia el acusado. Fué la causa a juicio. Comenzó éste en la mañana del 8 de junio de 1921, continuó por la tarde, siguió por la noche hasta las cuatro de la madrugada del siguiente día. Se reanudó la sesión en la mañana del nueve y el jueves rindió un veredicto que dice: ''Nosotros los señores del Jurado, declaramos al acusado Casimiro García, culpable del delito de Homicidio Voluntario, con clemencia.''

El acusado solicitó la celebración de un nuevo juicio. Negó la corte su solicitud y dictó sentencia condenándolo a sufrir dos años de presidio con trabajos forzados. La presente apelación se interpuso contra la resolución que negó el nuevo juicio y contra la sentencia.

El alegato contiene varios señalamientos de error, entre ellos uno que sostiene que la corte de distrito en sus instrucciones al jurado expresó que la defensa planteada por el acusado había sido la de *legítima defensa* cuando en verdad fué la de *defensa del hogar*.

De los autos aparece que el acusado planteó su caso así:

''El acusado por medio de uno de sus abogados que hizo su informe preliminar ante el Jurado, haciendo constar que habiendo tenido Jenaro de Arce y otros individuos un disgusto con el acusado, que tuvo su origen en cierta cuestión en que había un negocio de ron de por medio, el día de los hechos y a raíz de unas palabras que se cruzaron, se presentó en el hogar del acusado, donde éste se hallaba con su familia, el citado Jenaro de Arce y varias personas más. Que el acusado al ser avisado de que aquellas personas se acercaban en actitud hostil, indicó a uno de los que estaban en la casa, que hiciera saber a aquella gente que él había salido, razón por la cual, cuando llegaron los aludidos individuos y preguntaron por el acusado, se les contestó que había salido para la casa de la familia Ramírez. Que al poco rato volvieron a ir a la casa del acusado manifestando que éste no estaba en casa de los Ramírez y que donde se encontraba era allí en aquella casa. Que entonces

Jenaro de Arce penetró en dicha morada de una manera turbulenta y amenazadora y empezó a indagar por el paradero del acusado a quien quería acometer dentro de la misma casa; pero al no verle allí se dirigió a la habitación y trató de penetrar en dicha habitación, pero no pudiendo lograr su objeto entonces violentamente empujó la puerta y la abrió, portando en las manos una cuchilla. Que el Jenaro de Arce, que era zurdo, con una mano forzó la entrada de la puerta y con la otra mano levantada en el acto intentó penetrar en el cuarto donde se hallaba el acusado escondido. Este, ante aquella invasión en lo más sagrado de su hogar, disparó, cayendo mortalmente herido Jenaro de Arce.''

Y de los mismos autos consta que el juez al dar sus instrucciones al Jurado, se expresó como sigue:

''La teoría de la defensa, es de que este acusado actuó en defensa propia: esto es, que se trata de un homicidio justificable. ＊ ＊ ＊ ''

''Como se ha levantado por parte de la defensa la teoría de la defensa propia, la corte va a informar a ustedes lo que dice nuestra ley sobre el particular. La persona contra quien se intente algún daño, podrá oponer la necesaria resistencia para impedir una ofensa contra su persona o familia, o algún miembro de ella. El derecho a la propia defensa, en ningún caso se entiende a la inflicción de más daño que el necesario al objeto. Para justificar un homicidio, en que se alegue la defensa propia, es necesario no sólo creer, sino tener motivos fundados para creer, que al matar al agresor se hallaba el agredido en inminente o inmediato peligro de muerte o de grave daño personal. Las circunstancias deberán ser de tal naturaleza que lleven al ánimo de una persona de moderada prudencia, el convencimiento de que el acusado se hallaba en peligro de muerte o de grave daño corporal. Fundado temor no significa el temor de un cobarde sino el temor de una persona de moderado valor.

''Dice también otro precepto, que podrá justificarse el homicidio, cuando lo cometiere alguna persona en cualquiera de los casos siguientes: cuando se comete en legítima defensa de dicha persona, o de la esposa o esposo, padre o madre, hijo, amo o sirviente de tal persona, siempre que hubiere motivos fundados para sospechar que

existe el propósito de cometer un delito grave (*felony*) o de inferir grave daño corporal, e inminente riesgo de que tal propósito se realice; pero dicha persona, o la persona cuya defensa se intentare, si fuere el agresor, o estuviere empeñada en lucha mortal, deberá tratar de desistir de ella, antes de cometerse el homicidio; cuando se comete al defender una morada, propiedad o persona contra alguno que manifiestamente intente o procure, por medio de violencia o sorpresa, cometer cualquier delito grave (*felony*), o que violenta, desordenada y tumultuosamente intente o procure penetrar en la morada de otro con el propósito de agredir a alguna persona que se hallare en ella.''

El error es, pues, manifiesto, y no puede entenderse subsanado por la trasmisión de ciertas instrucciones preparadas por la defensa. Un examen de la transcripción revela que la tendencia de la prueba del acusado fué la defensa propia dentro del propio hogar, circunstancia que hace la defensa propia menos rígida, y esto debió expresarse con toda claridad al jurado.

La ley de modo terminante consagra como circunstancia justificativa del homicidio la de cometerlo al defender una morada contra alguno que manifiestamente intente o procure, por medio de violencia o sorpresa, cometer cualquier delito grave, o que violenta, desordenada o tumultuosamente intente o procure penetrar en la morada de otro con el propósito de agredir a alguna persona que se hallare en ella, y la jurisprudencia es abundante sobre el particular. Véase 13 R. C. L. 840 y siguientes.

No es necesario que emitamos nuestro juicio con respecto a los otros errores señalados, pero creemos conveniente decir que hemos leído cuidadosamente la transcripción y pocas veces hemos observado nada más confuso. La defensa se queja insistentemente de la conducta del Fiscal durante el juicio y de que la corte no garantizó debidamente su derecho a repreguntar a los testigos del pueblo. La impresión que produce este juicio es deplorable. Parece que las

partes se olvidaron del sitio augusto en que se encontraban. La defensa, que tanto énfasis puso en que fueran reconocidos los derechos del acusado, olvidó los derechos de los testigos. La forma en que trató especialmente a Vicenta Arce, fué inusitada, cruel. Si digno de respeto es el acusado y nada debe consentirse que lo coaccione, veje o maltrate, igual conducta debe seguirse con los testigos. Insistirse en que se garantice el derecho que tiene el acusado para que no se le considere culpable sino a virtud de prueba plena, no se armoniza con tratar a un testigo como a un perjuro apenas comienza a declarar. La justicia debe ser igual para todos.

Por virtud de lo expuesto, opinamos que debe revocarse la sentencia apelada y concederse la celebración de un nuevo juicio.

> *Revocada la sentencia apelada y ordenado un nuevo juicio.*

Jueces concurrentes: Sres Asociados Wolf, Aldrey, Hutchison y Franco Soto.